IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:15CR343 |
| v. | ) | |
| | ) | ORDER |
| GREGORY BAHATI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Motion for Discovery (Filing No. 174) filed by the defendant, Gregory Bahati. The court will deny the motion.

On January 27, 2016, Bahati was charged in the superseding indictment with Racketeering Conspiracy, Threats in Aid of Racketeering, and Brandishing a Firearm During a Crime of violence. (Filing No. 33). The court entered a progression order setting March 1, 2016, as the deadline for counsel to produce discovery pursuant to Federal Rule of Criminal Procedure 16, and to adhere to a continuing duty to disclose discovery. (Filing No. 67 at p. 1). On February 29, 2016, the government produced to the defendants approximately 8,777 pages of documents, including police reports, witness statements, reports of results of DNA analysis, firearm and toolmark examinations, and chemical analysis. The government also produced fifty-one disks of audio recordings of witness statements, jail call recordings, social media evidence, and cell phone extraction reports. (Filing No. 180 at p. 2). The court has appointed Russell Aoki as Coordinating Discovery Attorney for defense counsel. (Filing No. 152). A trial date has not yet been set.

Fed. R. Crim. P. 16(a)(1)(G) requires the government, upon the defendant's request, to give the defendant a written summary regarding expert testimony the government intends to use during its case-in-chief at trial. See Fed. R. Crim. P. 16(a)(1)(G). Although the Rule contains no specific timing requirements for expert disclosures, "it is expected that the parties will make their requests and disclosures in a timely fashion." See Fed. R. Crim. P. 16, Advisory Committee's Note to 1993 Amendments. The defendant requests that the court order the government to disclose expert opinions, other than expert

1

opinions regarding the lab tests of chemicals seized from the defendants, by July 25, 2016. The government states it is amenable to providing the defendant with notice of experts that the government currently expects to call at trial by July 25, 2016. (Filing No. 180 at p. 2). However, the government represents it has not yet determined all of the experts it intends to call in its case-in-chief and requests the ability to supplement its expert disclosures a reasonable time prior to the commencement of trial. Because the government has consented to disclosure of its known experts by July 25, 2016, the court finds it unnecessary to compel the government to make those disclosures. Additionally, because a trial date has not yet been set, the court is not willing at this time to limit the government's ability to supplement those expert disclosures at a later date.

Bahati also requests that the court order the government to identify by July 25, 2016, any evidence it may introduce as a result of the search and analysis of the cell phone or other digital device seized from him, pursuant to Fed. R. Crim. P. 16(a)(1)(E) and (F). The government has provided the entire cell phone examination report to Bahati. However, Bahati requests the government identify which documents it may introduce at trial from the cell phone examination report "to prevent the extraordinary cost of blindly searching and analyzing the mountain of digital data copied from the phones[.]" (Filing No. 174 at p. 2). Fed. R. Crim. P. 16(a)(1)(E) provides that the government must permit the defendant, upon request, to inspect and to copy or photograph papers, documents, data, and other tangible items that are within the government's possession and material to preparing the defense, intended to be used by the government during its case-in-chief at trial, or obtained from or belonging to the defendant. See Fed. R. Crim. P. 16(a)(1)(E). Some circuits have determined that Fed. R. Crim. P. 16(a)(1)(E) "does not require the Government to identify specifically which documents it intends to use as evidence . . . It merely requires that the Government produce documents falling into the three enumerated categories." See, e.g., *United States v. Vilar*, 530 F. Supp. 2d 616, 636 (S.D.N.Y. 2008). It is within the court's discretion to require the government to categorize or identify documents the government intends to use in its case-in-chief at trial. See *United States v. Anderson*, 416 F. Supp. 2d 110, 113-14 (D.D.C. 2006); *Vilar*, 530 F. Supp. 2d at 637. In this case, assuming the court has the authority to require the government to identify the

2

documents it plans to use in its case-in-chief, the court would not use its discretion to order the government to identify these documents at this time. The trial of this matter has not been scheduled and the defendant has not shown that this type of disclosure is necessary to prepare its defense. Therefore, the court finds the defendant's motion for discovery should be denied.

**IT IS ORDERED:** The Motion for Discovery ([Filing No. 174](#)) is denied.

**DATED:** July 15, 2016.

                      **BY THE COURT:**

                      s/ F.A. Gossett, III
                      **United States Magistrate Judge**