IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiffs,<br><br>vs.<br><br>GREGORY BAHATI,<br>           Defendant | 8:15CR343<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's motion for compassionate release for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Filing Nos. 830 and 837. The Court stayed this motion pending proof of exhaustion. Filing No. 831. The Court additionally appointed the Public Defender's office to represent defendant and requested that the United States Probation Office review the plan of home detention. *Id.* Defendant requests that this Court reduce his sentence to time served or allow him to serve the remainder of his sentence on home confinement. Filing No. 837 at 2. The probation office has filed the investigation report indicating that the suggested home confinement is acceptable, if the Court chooses to grant the motion for compassionate release. Filing No. 843, at 4.

The Court, on June 22, 2017, sentenced defendant to serve a term of 12 months custody on Counts I and VIII (to run concurrent) for Racketeering influenced and corrupt organization conspiracy and Threats in aid of racketeering, 18 U.S.C. 1962(d) and 18 U.S.C. 1951(a)(4), and 84 months custody as to Count IX (to run consecutively) for Brandishing Firearm during crime of violence, 18 U.S.C.924(c)(1)(A)(ii). He was also

1

sentenced to a three-year term of supervised release for counts I and VIII and a five-year term of supervised release for count IX, terms to run concurrently. The defendant has a criminal history category of IV, and it appears he would be eligible for release on November 5, 2022. He has completed the majority of his sentence and is now in a low security facility.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019). Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2] Accordingly, an initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?

2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4. Ensure that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

Already "tinderboxes for infectious disease," prisons now are even more dangerous than we typically accept. *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020). The Attorney General has directed the BOP to consider increased use of home confinement for at-risk inmates. Memorandum from U.S. Att'y Gen. William Barr to Dir. of Bureau of Prisons (Mar. 26, 2020).

A. *Exhaustion*

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 2020 WL 2091802, at *5 (S.D. Ia. Apr. 29, 2020) ("Defendant

---

(i) extraordinary and compelling reasons warrant such a reduction;...
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

satisfied the exhaustion requirement's text and purpose [when] [h]e gave the BOP the first chance to review his circumstances and let thirty days pass before proceeding to court."). Defendant filed such a motion with the BOP and 30 days have elapsed. See Filing Nos. 838-1 and 838-2.

### B. Medical Vulnerability

Next, the Court finds that defendant's physical and medical vulnerability to COVID-19 are not extraordinary or a compelling reason for a change in defendant's sentence.[2] See e.g., U.S.S.G. § 1B1.13 comment. n.1(A)-(C). As Judge Gerrard recently observed in Jenkins, there is currently "no 'applicable' policy statement cabining the Court's discretion to act under § 3582(c)(1)(A)." *United States v. Jenkins*, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020); see also *United States v. Redd*, 2020 WL 1248493, at *5 ( E.D. Va. March 16, 2020) ("there does not currently exist, for the purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'"); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (canvassing cases and holding that courts, rather than the outdated policy statements, should determine whether a defendant qualifies for compassionate release); *United States v. Beck*, 425 F. Supp.2d 573, 579 (M.D.N.C. June 28, 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i).").

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners. It is unprecedented. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a

---

[2] *See* defendant's medical records at Filing No. 844.

4

compromised immune system, obesity, heart disease, hypertension, chronic lung disease, diabetes mellitus, and asthma. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

The Court first notes that Bahati already tested positive for COVID-19 in July 2020. Bahati has at least a couple of possible risk factors. At age 3, Bahati had heart surgery. In January 1998 (when Mr. Bahati was approximately 3 years old) Mr. Bahati was diagnosed with "subaortic membrane with moderate subaortic stenosis and mild aortic valve insufficiency." Filing No. 830. He underwent surgery in 1998 when he was 4 years old for "resection of his subaortic membrane." Shortly thereafter, he "had mild congestive heart failure with retention of fluid, requiring Lasix." *Id.* Further, he "developed mile post/pericardiotomy syndrome with a nub noted at the lower left sternal border towards the apex." *Id.* There are no additional cardiology reports since 1999. His BOP medical records state that the following conditions are resolved: "Cardiac Murmur, unspecified, resolved 8/10/2017; Childhood cardiac murmur s/p Open surgical repair at age 4-5, resolved 8/10/2017." Filing No. 843, at 2. He also states he has asthma, although that is not documented.

The government contends that Bahati has no current medical conditions, and his past medical conditions have all been resolved and do not require treatment. Filing No. 843 at 2-3. Further, the facility where Bahati is currently housed has had a minimal number of cases, six at the time of filing this motion, and in any event, he already contracted COVID-19.

5

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any applicable § 3553(a) factors. *See also* § 3582(c)(1)(A). When reviewing the § 3553(a) relevant factors, the balance of those factors supports a sentence of home confinement. The Court has already established that Bahati's health conditions and physical limitations do not place him at heightened risk for severe illness from COVID-19.

Defendant is 25 years old. He has completed his GED and has taken other education courses. He has not had any misconduct within the last 6 months, and he is currently housed in a low security facility. Bahati has a post-release plan to live with his mother, and his dad would assist him in obtaining work in the construction field. His mother works for Douglas County and can keep Bahati on her health insurance plan until he is 30 years of age.

However, defendant has been accused with a weapons charge that is significant. There was an identifiable victim, and defendant pulled the trigger (the gun did not go off) and then threatened to kill the victim. This constitutes evidence that defendant poses a threat to the public.[3]

According to the probation officer, Bahati has had several instances on his record regarding firearms, but he has had no felony convictions, other than this one. He has had prior probation sentences revoked due to noncompliance, in particular for incurring new criminal charges while being supervised. Mr. Bahati completed a drug education

---

[3] The government argues that defendant might present a danger to the community. Under 18 U.S.C. § 3142(g), the Court must consider four factors in determining whether the defendant might present a danger for release or detention of a defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1) – (4).

program on March 2, 2018 and completed a nonresidential drug treatment program on February 22, 2019. Mr. Bahati was referred to a drug abuse program in November 2018, however refused to participate in that specific programming. The probation officer also indicates that "Mr. Bahati has completed several education courses including Career Employment; ACE Commercial Driver's License; Custodial Maintenance; ACE Entrepreneurship; Release Requirements; and is currently enrolled in a Basic Mathematics course. He does not have a disciplinary record in the BOP." Filing No. 843 at 3.

Looking at these factors, the Court finds that Bahati has a history of violence and threatening people and occasions where he possessed firearms. Filing No. 488. The Court believes that prison incarceration is necessary "to protect the public from further crimes of the defendant." § 3553(a)(2)(C). Based on these findings, the Court finds that the § 3553(a) factors militate towards denying defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

For the reasons stated herein, defendant's Motion for compassionate release, Filing Nos. 830 and 837, are DENIED.

Dated this 28th day of October, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge